UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

YADIRA SANDOVAL,

Plaintiff,

v.

IDAHO DEPARTMENT OF HEALTH AND WELFARE, et al.

Defendants.

Case No. 1:25-cv-00463-BLW

**MEMORANDUM DECISION AND ORDER**

Before the Court are Plaintiff Yadira Sandoval's *In Forma Pauperis* Application (Dkt. 1), Complaint (Dkt. 2), and several motions (Dkt. 3-5). For the reasons explained below, the Court will grant the *In Forma Pauperis* Application, dismiss the Complaint with leave to amend, and deny the motions as moot.

**1. *In Forma Pauperis* Application**

Plaintiffs who wish to pursue civil lawsuits in this District must pay a filing fee. *See* 28 U.S.C. § 1914(a). If a plaintiff wishes to avoid that fee, he must submit an affidavit showing he is unable to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an *in forma pauperis* application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo*

*v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed in forma pauperis in civil cases is within the sound discretion of the district court. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

The Court has reviewed the affidavit provided by Sandoval. Dkt. 1. Although she failed to answer certain questions, the affidavit states sufficient facts to support her poverty. Sandoval is unemployed and depends on others for food and shelter. *Id.* at 3. She reports that she has no income or assets. *Id.* at 2. Due to her reliance on charity, she apparently also has no expenses. *Id.* at 3. These factors, if true, indicate that Sandoval cannot pay the filing fee while still affording basic living expenses.

**2. Review of Complaint**

Once the Court grants an *in forma pauperis* application, it may conduct an initial review of the complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). If the Court engages in this review, a complaint must be dismissed if it (1) states a frivolous or malicious claim, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2)(B). The second basis for dismissal is most relevant in this case.

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 and may be dismissed if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

During this initial review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). But this does not eliminate the standard set forth in Rule 8(a)(2). Pro se plaintiffs must still articulate plausible claims and allege facts sufficient to support each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Judges are neither "mind readers" nor "advocates" for pro se litigants. *Camel v. Cannon*, No. 6:06-3030–GRA–WMC, 2007 WL 465583, at *3 (D.S.C. Feb. 7, 2007). Nor will courts "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)

(internal citation omitted).

Sandoval has sued the Idaho Department of Health and Welfare (IDHW), Canyon County, an IDHW case worker, the former Canyon County prosecutor, and several law enforcement agents for civil rights violations. She claims that the defendants "engaged in a coordinated pattern of misconduct . . . that resulted in the unlawful removal of Plaintiff's children, racial discrimination, coercion, intimidation, human trafficking exploitation, and violations of constitutional rights." Dkt. 2 at 2. But the factual allegations in her Complaint fall far short of stating any civil rights claims. In some instances, she makes bald assertions of harm without any substantiating facts—alleging, for instance, "a pattern of unlawful and excessive arrests by local law enforcement." *Id.* at 4. At other times, she makes allegations that have no clear connection to her claim—for example, that Idaho Community Outreach Behavioral Services "was placed under federal investigation for Medicaid fraud." *Id.* at 5. The attachment that Sandoval describes as a "Declaration of Facts" is a jumbled collection of documents that does nothing to clarify these matters.

Due to the absence of factual allegations, Sandoval has failed to state a claim upon which relief can be granted. The Court will dismiss the Complaint but give Sandoval leave to amend it to cure these deficiencies. The Court will also deny as

moot the Motion for Reservation of Legislative Relief (Dkt. 3), Motion for Appointment of Counsel (Dkt. 4), and Motion for Early Discovery and Speedy Trial (Dkt. 5). If Sandoval submits an amended complaint, she should take care to provide a coherent, specific factual account of the events underlying her claims.

**ORDER**

**IT IS ORDERED that:**

1. Plaintiff's Application to Proceed *in Forma Pauperis* (Dkt. 1) is **GRANTED**.
2. The Complaint fails to state a claim upon which relief may be granted and is **DISMISSED**. Plaintiff has 30 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 30 days, this case may be dismissed without further notice. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.
3. Plaintiff's Motion for Reservation of Legislative Relief (Dkt. 3) is **DENIED AS MOOT**.

4. Plaintiff's Motion for Appointment of Counsel (Dkt. 4) **DENIED AS MOOT**.

5. Plaintiff's Motion for Early Discovery and Speedy Trial (Dkt. 5) **DENIED AS MOOT**.

UNITED STATES COURTS DISTRICT OF IDAHO

DATED: October 20, 2025

B. Lynn Winmill
U.S. District Court Judge