UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YADIRA SANDOVAL,<br><br>        Plaintiff,<br><br>    v.<br><br>IDAHO DEPARTMENT OF<br>HEALTH AND WELFARE, et al.,<br><br>        Defendant. | Case No. 1:25-cv-00463-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Before the Court are Plaintiff Yadira Sandoval's First Amended Complaint (Dkt. 10), Motion Opposing Dismissal (Dkt. 11), and Motion to Appoint Counsel (Dkt. 12). For the reasons explained below, the Court will dismiss the Amended Complaint with leave to amend a second time, deny the Motion Opposing Dismissal, and deny the Motion to Appoint Counsel.

## BACKGROUND

Sandoval is proceeding pro se and in forma pauperis in this civil action. The Court previously screened Sandoval's complaint, dismissed it for failing to state a claim, and allowed her leave to file an amended complaint. Dkt. 8. On November

18, 2025, Sandoval filed her amended complaint. Dkt. 10. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

## LEGAL STANDARD

The Court is required to review complaints filed in forma pauperis to determine whether summary dismissal is appropriate. The Court must dismiss an in forma pauperis complaint, or any portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under Federal Rule of Civil Procedure 8, a complaint fails to state a claim for relief if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive dismissal, a complaint must contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more

MEMORANDUM DECISION AND ORDER - 2

than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.*
(internal quotation marks omitted). While the Court liberally construes pro se
pleadings (*see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)), pleadings that
offer "'labels and conclusions' or 'a formulaic recitation of the elements of a cause
of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 555 (2007)).

## ANALYSIS

### 1. Screening of the Complaint

Despite being afforded an opportunity to amend, Sandoval's Complaint
continues to fall short of the pleading requirements of Rule 8. Although Sandoval
asserts that the defendants engaged in unlawful conduct, the Amended Complaint
relies almost entirely on conclusory statements and legal labels without alleging
any specific underlying facts. Rule 8 requires more than a plaintiff's belief that she
was wronged. Sandoval must plead facts sufficient to allow the Court to draw
reasonable inferences that the alleged wrongs occurred, not merely assert that they
happened. In other words, Sandoval must provide the who, what, where, when, and
how of the alleged wrongdoing.

Additionally, the Amended Complaint is exceedingly difficult to follow. The
allegations are not presented in a clear, coherent, or organized manner, and the

pleading does not clearly identify which factual allegations correspond to which claims or which defendants. As a result, the Court is unable to discern the precise nature of Sandoval's claims or the factual basis supporting them. A complaint that is so vague or confusing that the Court cannot determine what conduct is alleged to be unlawful fails to satisfy Rule 8's requirement.

For these reasons, Sandoval has failed to state a claim upon which relief can be granted. The Court will dismiss Sandoval's First Amended Complaint but again give her leave to amend it to cure the deficiencies. The Court will also deny the Motion Opposing Dismissal.

## 2. Request for Appointment of Counsel

Sandoval also seeks appointment of counsel. Dkt. 12. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether to appoint counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id.* To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate her claims pro se in light of the

complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id.* Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if he or she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017).

As discussed above, the Amended Complaint fails to state a claim upon which relief may be granted; therefore, Plaintiff has not demonstrated a likelihood of success on the merits. *See e.g.*, *Morrison v. Oppydek*, No. 1:23-CV-00564-BLW, 2024 WL 1885819 (D. Idaho Apr. 30, 2024). Accordingly, the Court will deny Plaintiff's request for appointment of counsel.

## ORDER

**IT IS ORDERED that:**

1.    Plaintiff's Amended Complaint (Dkt. 10) is **DISMISSED with leave to amend**. If Plaintiff wishes to file a Second Amended Complaint, she must do so within 30 days of the date of this order.

2.    Plaintiff's Motion Opposing Dismissal (Dkt. 11) is **DENIED**.

**MEMORANDUM DECISION AND ORDER - 5**

3.    Plaintiff's Motion to Appoint Counsel (Dkt. 12) is **DENIED.**

DATED: February 4, 2026

B. Lynn Winmill
U.S. District Court Judge