UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YADIRA SANDOVAL,<br><br>Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF<br>HEALTH AND WELFARE, et al.,<br><br>Defendant. | Case No. 1:25-cv-00463-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

**INTRODUCTION**

Before the court is Plaintiff Yadira Sandoval's Third Amended Complaint[1] (Dkt. 20) . The first two versions of the complaint were dismissed with leave to amend due to her failure to state a claim. The present complaint will be dismissed on identical grounds. Because Ms. Sandoval has twice failed to cure her pleading deficiencies, the Court will not grant further leave to amend.

**BACKGROUND**

Ms. Sandoval is a pro se litigant proceeding *in forma pauperis*. She filed her

---

[1] The complaint submitted to the court is Ms. Sandoval's Second Amended complaint. However, Ms. Sandoval erroneously titled this complaint her "Third Amended Complaint", and thus the Court will refer to it as her "Third Amended Complaint."

**MEMORANDUM DECISION AND ORDER - 1**

initial complaint in August of 2025. Dkt. 2. The complaint was reviewed pursuant to the court's screening authority in 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and dismissed with leave to amend under Federal Rule of Civil Procedure 12(b)(6). Dkt. 8. Ms. Sandoval subsequently amended her complaint, which was again dismissed with leave to amend. Dkt. 10; Dkt. 15. She has now filed her Third Amended Complaint—the pleading at hand—seeking to cure the previous deficiencies. Dkt. 20.

## LEGAL STANDARD

The Court is required to review complaints filed in forma pauperis to determine whether summary dismissal is appropriate. The Court must dismiss an *in forma pauperis* complaint, or any portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under Federal Rule of Civil Procedure 8, a complaint fails to state a claim for relief if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive dismissal, a complaint must contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself

effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). While the Court liberally construes pro se pleadings (*see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)), pleadings that offer "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## ANALYSIS

Ms. Sandoval claims that Defendants violated her parental rights under the Fourteenth Amendment and detained her without probable cause in violation of the Fourth Amendment. Her complaint again lacks sufficient facts to pass Rule 8's plausibility muster. Because this is the third time Ms. Sandoval has failed to state a claim, the court finds that further leave to amend is not warranted.

### A.    Parental Rights Claim

Ms. Sandoval first asserts that Idaho Department of Health Welfare employees—caseworker Anaysha Hawks and safety inspector "Jane Doe 1"—violated her parental rights during removal proceedings in state court. For the most

part, Ms. Sandoval appears to be contesting the state court's actions rather than bringing a constitutional claim against the named defendants. To the extent that she does complain of defendants' conduct, the allegations fail to state a claim.

Parents have a "fundamental right to the care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, parental rights are neither absolute nor unrestricted. *Mueller v. Auker*, 576 F.3d 979, 995 (9th Cir. 2009). For example, minor infringements on visitation rights or custody arrangements are not a constitutional violation. *Brittain v. Hansen*, 451 F.3d 982, 992-93 (9th Cir. 2006). Further, parental rights can be suspended due to extenuating or exigent circumstances necessitate, like when the safety of the child is at stake. *Keates v. Koile*, 883 F.3d 1228, 1235-37 (9th Cir. 2018).

Here, Ms. Sandoval alleges that "Defendants Anaysha Hawks and Jane Doe 1 … deprived [her] of her parental rights, without notice and … a meaningful opportunity to be heard." Dkt. 20 ¶ 25. In support of this claim, she offers a smorgasbord of irrelevant facts and vague insinuations. She alleges, for instance that Ms. Hawks ignored her "victims compensation approval"; "failed to recognize and take thorough notes" of her accomplishments; and did not facilitate home or hotel visits with the children after she was "trespassed from the foster givers home." *Id.* ¶¶ 18, 25. These actions do not amount to a parental rights violation, especially given that they occurred in the course of an apparently otherwise lawful

child protection proceeding. Ms. Sandoval's claim remains a "naked assertion that fails to allow the court to draw a reasonable inference that the defendant[s] are liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (cleaned up).

## B.     Fourth Amendment Claim

Ms. Sandoval next asserts that officers from the Nampa Police Department violated her Fourth Amendment rights by "engag[ing] in detention and enforcement actions regarding asking questions in high risk and unsafe situations (during traffic stops etc.) about plaintiffs at the time boyfriend." Dkt. 20 ¶ 17. She also states that this questioning put her "at risk from gang member retaliation." *Id.* None of these factual allegations, if true, rise to the level of a Fourth Amendment violation. Asking questions during an otherwise lawful traffic stop is not an unreasonable search or seizure, and the potential gang retaliation, while unsettling, appears completely irrelevant. Ms. Sandoval's claim again consists of legal conclusions without the factual support required under Rule 8.

## C.     Leave to Amend

Courts should liberally grant leave to amend, particularly for pro se complainants. *See* Fed. R. Civ. P. 8(e); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se complaints are to be held to "less stringent standards than formal pleadings drafted by lawyers"). But the Court's grace is not unlimited, and a party is not entitled to amend its complaint when doing so would be futile. *Mirmehdi v. United*

*States*, 662 F.3d 1073, 1082 (9th Cir. 2011). Ms. Sandoval has already had three bites at the apple and received two rounds of guidance from the Court. The past amendments did not cure the complaint's deficiencies, and there is no reason to think that another round of amendment will produce a different result. Accordingly, the complaint will be dismissed with prejudice.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Third Amended Complaint (Dkt. 20) is **DISMISSED** with prejudice. The Clerk of Court is directed to close this case.

2. Plaintiff's Motion for Extension of Time (Dkt. 19) is **DENIED AS MOOT**.

DATED: June 1, 2026



B. Lynn Winmill
U.S. District Court Judge