UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YADIRA SANDOVAL,<br><br>Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF HEALTH AND WELFARE, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00463-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff Yadira Sandoval's Motion Vacate the Judgment (Dkt. 22). For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Ms. Sandoval is a pro se litigant proceeding *in forma pauperis*. She filed her initial complaint in August 2025. Dkt. 2. The Court reviewed the complaint, and dismissed it with leave to amend under Federal Rule of Civil Procedure 12(b)(6). Dkt. 8. Ms. Sandoval then filed a first amended complaint, which the Court also dismissed with leave to amend. Dkt. 10; Dkt. 16. Finally, Ms. Sandoval filed a

second amended complaint, which the Court dismissed with prejudice. Dkt. 20; Dkt. 21.

Ms. Sandoval now asks the Court to vacate its judgment pursuant to Federal Rules of Civil Procedure 60(b)(3) and (6), alleging misconduct and extraordinary circumstances.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) allows a court to reconsider a final judgment based on several grounds, including fraud, misrepresentation, or misconduct by an opposing party, as well as other extraordinary circumstances that would justify relief. Fed. R. Civ P. 60(b); *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(b), the moving party bears the burden of establishing the grounds for relief. *United States v. Westlands Water Dist.*, 134 F. Supp 2d 1111, 1130–31 (E.D. Cal. 2001).

## ANALYSIS

### 1. Fraud, Misrepresentation, and Misconduct

To obtain relief under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the judgment was obtained through fraud, misrepresentation, or other misconduct, and that such conduct prevented the

moving party from fully and fairly presenting her side of the case. *Casey v. Albertson's*, 362 F.3d 1254, 1260 (9th Cir. 2005).

Ms. Sandoval contends that she is entitled to relief under Rule 60(b)(3) because "the record reflects conduct and representations that materially affected" the Court's consideration of her claims. Dkt. 22, at 1. Specifically, she says that chronic mail delivery problems prevented her from receiving court communications in a timely manner, which materially affected her ability to present her case. *Id.*

However, nowhere in her motion does Ms. Sandoval describe anything resembling fraud, misrepresentation, or misconduct on the part of the opposing party, the Idaho Department of Health and Welfare. In fact, Ms. Sandoval does describe any conduct on the part of the Department, whether malicious, benign, or otherwise. *Id.* For that reason, the Court finds that Ms. Sandoval is not entitled to relief under Rule 60(b)(3), and will turn to her alternative argument under Rule 60(b)(6).

**2. Extraordinary Circumstances**

To prevail on a motion filed under Rule 60(b)(6), the moving party must demonstrate "extraordinary circumstances" that justify reopening the case. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2010). Courts should use Rule

60(b)(6) "sparingly" as an equitable remedy to prevent "manifest injustice." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010).

Ms. Sandoval argues that she is entitled to relief under Rule 60(b)(6) because her mail delivery problem substantially impaired her ability to prepare for this case. Dkt. 22, at 2. Additionally, she asserts that she experienced domestic violence and related safety concerns that impeded her ability to litigate effectively. *Id.*

However, the only evidence that Ms. Sandoval has provided on the mail delivery issue is a copy of portion of a docket report showing that she alerted the Court to the problem. Dkt. 22-1, at 2. The same report shows the Court granted Ms. Sandoval's request for an extension and attempted to work with her to find a better way to communicate. *Id*.

Similarly, on the domestic violence issue, Ms. Sandoval has produced only a copy of a letter from the Canyon County Prosecuting Attorney's Office. Dkt. 22-2. Without getting into the details of Ms. Sandoval's allegations, the Court will simply highlight the fact that the Attorney's Office declined to move forward with prosecution. *Id.*

In sum, the Court finds that Ms. Sandoval has failed to demonstrate "extraordinary circumstances" that would entitle her to relief under Rule 60(b)(6).

Accordingly, there is no basis for the Court to set aside its order dismissing her complaint with prejudice.

**ORDER**

**IT IS ORDERED** that Plaintiff's Motion Vacate the Judgment (Dkt. 22) is **DENIED**.

DATED: October 13, 2026

B. Lynn Winmill
U.S. District Court Judge